UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-491-H

J&J SPORTS PRODUCTIONS, INC.                                                                                    PLAINTIFF

V.

COACH'S, INC. d/b/a JOCK'S SPORTS BAR
& GRILL, GILBERT DUNCAN and
CAROL ANN MALONE                                                                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants Gilbert Duncan and Carol Ann Malone (the "Individual Defendants") have moved to dismiss various claims against them arising from the allegedly unauthorized showing of a pay-per-view boxing match at Jock's Sports Bar on July 26, 2005. The Individual Defendants argue that their only role in the affair was as "absentee" shareholders of the other Defendant, Coach's, Inc., which owns Jock's. If this is true, and if the Individual Defendants had no personal participation in the alleged wrongdoing, Plaintiff's claims will likely be dismissed. At this time, however, the Court cannot conclude that this is true without an opportunity for some discovery.

The Court need not write at length because so few of the relevant facts are developed at this early stage. The important points are these. Plaintiff, J&J Sports Productions, owned the distribution rights to the prize fight in question. Apparently, without entering into the appropriate agreements, an unauthorized showing of the pay-per-view fight occurred on the premises of Jock's Sports Bar. This occurrence provides the foundation for Plaintiff's charges

that Coach's and the Individual Defendants violated the Communications Act of 1934 ("the Act"), 47 U.S.C. § 553 and 47 U.S.C. § 605.[1]  Apparently, Plaintiff is suing the Individual Defendants on a derivative cause of action based on piercing the corporate veil or for personal liability for actions taken in violation of the Act.[2]  The Act can support a claim under either theory.  *See, e.g., Joe Hand Prods., Inc. v. Cain*, No. 06-CV-12213, 2006 WL 2466266, at *2 (E.D. Mich. Aug. 24, 2006).  In either case, Plaintiff would need to show that the Individual Defendants personally participated in or aided with the statutory violation.

Kentucky law states that, "[u]nless otherwise provided in the articles of incorporation, a shareholder of a corporation shall not be personally liable for the acts or debts of the corporation except that he may become personally liable by reason of his own acts or conduct."  Ky. Rev. Stat. Ann. § 271B.6-220(2) (2007).  Thus, if the Individual Defendants are absentee shareholders, they cannot be personally liable for the acts of the corporation performed by other agents or employees of Coach's.  Plaintiff has yet to allege or attempt to prove that it may pierce

---

[1] At first blush, the liability of Coach's, Inc., under these provisions seems beyond serious dispute.  Plaintiff brings two claims under the Act, the first of which is for violation of Section 553: "no person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."  47 U.S.C.A. § 553(a)(1) (2007).  The second claim is for violation of Section 605:
> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C.A. § 605(a) (2007).

[2] Despite the lack of clarity as to the exact nature of Plaintiff's claims, Plaintiff has sufficiently plead its claims against the Individual Defendants.  Since the Federal Rules of Civil Procedure require only notice pleading, Plaintiff's complaint is adequate to raise claims for violation of the Communications Act.  *See* Fed. R. Civ. P. 8(a); *and see Joe Hand Prods., Inc. v. Cain*, No. 06-CV-12213, 2006 WL 2466266, at *2 (E.D. Mich. Aug. 24, 2006).

that corporate veil so that other officers or shareholders may be liable.  Even if that veil is pierced, the Individual Defendants may not be liable were they truly absentee owners.

The Individual Defendants can be liable under the Act for their individual actions, even on behalf of the corporation.  *See, e.g., Smith v. Isaacs*, 777 S.W.2d 912, 914-15 (Ky. 1989) (holding that shareholders could be held liable for their own negligent acts despite Ky. Rev. Stat. Ann. § 271A.125(5), the precursor to Kentucky's current corporate veil statute, Ky. Rev. Stat. Ann. § 271B.6-220(2)).  The Court has nothing upon which it can base its decision other than the complaint.  The Individual Defendants have not presented an affidavit and no one has conducted even limited discovery.  It could very well be true that the Individual Defendants are absentee shareholders who engaged in no unlawful activity themselves, but the Court cannot make that determination without discovery.

A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Davis H. Elliot Co., Inc. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Thus, it would be premature to dismiss the Individual Defendants at this stage of the litigation.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Individual Defendants' motion to dismiss is DENIED at this time.

cc: Counsel of Record